# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRICIA A. COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-1195 |
| v. | ) | |
| | ) | |
| MERCY BEHAVIORAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for disposition is the MOTION TO DISMISS COUNTS III AND V OF THE PLAINTIFF'S COMPLAINT, with brief in support, filed by Defendant Mercy Behavioral Health (Document Nos. 4 and 8), the BRIEF IN OPPOSITION filed by Plaintiff, Tricia A. Colbert (Document No. 9), and the REPLY BRIEF filed by Defendant (Document No. 10).

The Motion is now fully briefed and ripe for disposition.

### Factual Background

As the law requires, at this stage of the proceeding all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

On September 16, 2011, Plaintiff Tricia A. Colbert filed this gender discrimination / sexual harassment and retaliation lawsuit against her former employer, Mercy Behavioral Health. In her four-count Complaint, Plaintiff alleges that she was subjected to a sexually hostile work environment created by the comments and actions of her co-worker, John Zoeller ("Zoeller"). Plaintiff contends that she repeatedly complained to her supervisors of Zoeller's sexual harassment and in response, Defendant took a number of adverse employment actions against her, including ultimately terminating her employment on March 16, 2010.

1

On June 8, 2010, eight-four (84) days after termination of her employment, Plaintiff completed and signed an EEOC Intake Questionnaire, which she mailed to the EEOC on June 14, 2010, and which was received by the EEOC on June 15, 2010. By letter dated June 23, 2010, the EEOC notified Plaintiff that her "appointment to file a charge of employment discrimination" was scheduled by telephone for September 24, 2010. Plaintiff was interviewed by the EEOC as scheduled and on or about October 12, 2010, the EEOC mailed the formal charge to Plaintiff for her signature. On October 19, 2010, two hundred and seventeen (217) days after her termination, Plaintiff signed the formal Charge of Discrimination, as well as a Dual File Form, which indicated that Plaintiff wanted her charges also filed with the PHRC. The EEOC received the signed Charge of Discrimination on October 27, 2010, two hundred and twenty-five (225) days after Plaintiff's termination.

On November 10, 2010, the EEOC transmitted the charge of discrimination to the PHRC, which indicated that the EEOC initially received the charge on June 23, 2010, the date it received the Intake Questionnaire.[1]

In Counts One and Two of her Complaint, Plaintiffs asserts gender discrimination / sexual harassment and retaliation claims against Defendant under Title VII of the Civil Rights

---

[1] The United States Supreme Court has held that an employee's intake questionnaire to the EEOC could be considered a charge if the filing can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 401 (2008). While *Holowecki* specifically related to ADEA discrimination charges and the opinion cautions against analysis to other similar statutes that the EEOC enforces, federal courts have consistently applied *Holowecki* in the Title VII context. With that said, however, *Holowecki* is not relevant in this matter, as there is no dispute that the Charge of Discrimination was filed with the EEOC well within the 300-day statutory period for filing Title VII claims.

Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*. In addition, in Counts Three and Four[2] of her Complaint, Plaintiff asserts gender discrimination / sexual harassment and retaliation claims under the Pennsylvania Human Relations Act, 42 P.S. §§ 951, *et seq* ("PHRA").

Defendant has filed the instant motion to dismiss limited only to Plaintiff's allegations brought against it under the PHRA. Defendant seeks dismissal of these counts based on Plaintiff's alleged failure to exhaust administrative remedies with respect to those claims.

**Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The United States Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, after *Iqbal,* a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must

---

[2] Plaintiff's Complaint sets forth four separate counts; however, the final count in the Complaint is identified as "Count V." The Court recognizes that this is an inadvertent mistake, and will therefore refer to the last count of the Complaint as "Count IV," rather than "Count V."

3

separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-11. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (*citing Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (*quoting Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id*. at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (*quoting Iqbal,* 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the United States Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely

4

because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(*citing Twombly*, 550 U.S. at 553).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Under this standard, administrative filings, such as the record of the case before the Equal Employment Opportunity Commission ("EEOC") may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196-97.

In support of its motion to dismiss, Defendant submitted the completed EEOC Form 5, Charge of Discrimination, and Plaintiff in her response in opposition submitted copies of a number documents from the files of the EEOC regarding the administrative complaint filed by Plaintiff. Because these documents are referenced in the Complaint and are essential to Plaintiff's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Ben. Guar. Corp.,* 98 F.2d at 1196-87.

**Discussion**

The parties do not dispute that no documentation was filed with the PHRC until the formal charge was filed with the EEOC on October 27, 2010, which was 225 days after Plaintiff was terminated from her employment. Plaintiff asserts that her completion in June 2010 of the

5

Intake Questionnaire with the EEOC is sufficient to constitute filing a charge with the PHRC and that, alternatively, if the EEOC's Intake Questionnaire does not constitute a charge with the PHRC, the statute of limitations should be equitably tolled from the time that the Intake Questionnaire was filed.

Whether a charge has been filed under the PHRC is a matter of state law. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). Importantly, "the Pennsylvania Supreme Court has strictly enforced the PHRA filing requirement." *Id*. at 928. In order to proceed with an action under the PHRA, a complainant must file a complaint with the PHRC within 180 days after the alleged discriminatory act occurred. 43 Pa. Stat. Ann. § 959(a), (h). Plaintiff does not contend that she filed a complaint with the PHRC. Rather, she argues that because she signed the EEOC Intake Questionnaire on June 8, 2010, and indicated that she wanted to file a charge of discrimination, her burden has been fulfilled. According to Plaintiff, "the EEOC delayed the process to such an extent that the actual charge form was not completed for her signature until October 10, 2010. . . . The extended delay was due to the EEOC alone." The Court finds Plaintiff's arguments to be without merit.

First, the Court finds that the filing of an Intake Questionnaire with the EEOC is simply not sufficient to constitute the filing of a charge with the PHRC. The PHRC had no notice of Plaintiff's claims until Plaintiff elected to dual file the formal charge of discrimination in October 2009, far beyond the 180-day limitations period for filing such a claim with the PHRC.

Next, assuming *arguendo* that the filing of the EEOC Intake Questionnaire constitutes the filing of a charge with the PHRC, the Court finds no support for Plaintiff's argument that her PHRC complaint should be deemed filed on the date the Intake Questionnaire was submitted to the EEOC. Under Pennsylvania law, a charge of discrimination that has been forwarded by the

EEOC to the PHRC pursuant to the work-share agreement[3] has been deemed sufficient to satisfy the complaint requirements of the PHRA. *Lantz v. Hosp. of Univ. of Pa.*, . No. 96-cv-2671, 1996 WL 442795, *3 (E.D. Pa. July 30, 1996) (*citing Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 452 (Pa. Super. Ct. 1980) (other citation omitted)). Nonetheless, a claimant may not rely on the work-share agreement to satisfy all of the requirements of the PHRA to be entitled to the available relief under the PHRA. *Woodson*, 109 F.3d at 927 (*citing Fye v. Central Transp. Inc.*, , 409 A.2d 2 (Pa. 1979) ("EEOC procedures are not a sufficient surrogate for PHRC remedies")). Consequently, a claimant cannot rely on the work-share agreement alone to show that the PHRC received his or her claim, but rather, must show that the PHRC actually received the complaint. *Id.; Lantz*, 1996 WL 442795, at *3 (*citing Parsons v. Phil. Coordinating Office of Drug & Alcohol Abuse Programs,* 833 F. Supp. 1108, 1114 (E.D.Pa.1993)). Under Pennsylvania law, a complaint is deemed filed with the PHRC on the date it is received by the PHRC, regardless of whether the complaint was forwarded to the PHRC by the EEOC or filed by the claimant directly with the PHRC. 16 Pa. Code § 42.14(c); *Cunningham v. Freedom Ford Sales, Inc.*, No. 03:2006-

---

[3] In *Zahavi v. PNC Financial Services Group, Inc.,* No. 07-cv-376, 2007 WL 3053090, *4 (W.D. Pa. Oct. 18, 2007), the magistrate judge succinctly explained the work share agreement between the EEOC and PHRC, as follows:
> "In a deferral state such as Pennsylvania that provides an administrative remedy for employment discrimination claims, a claimant cannot file a charge with the EEOC unless that charge has first been filed with the PHRC and either (1) 60 days have transpired or (2) the PHRC has terminated its proceedings. *Woodson,* 109 F.3d at 926. However, the PHRC and the EEOC have entered into a work-share agreement whereby each agency waives its right to initially review claims that are first filed with the other agency. *Id.* at 925-26. Thus, under this agreement, a claim that is first filed with the EEOC, as in the case at bar, may be processed by the EEOC without being investigated initially by the PHRC, as the PHRC has effectively waived its statutory right to initially process discrimination claims. *Id.* at 926. Accordingly, the work-share agreement operates to "terminate" the PHRC proceedings where the complaint is filed initially with the EEOC."

7

cv-205, 2007 WL 2404739, * 4 (W.D. Pa. Aug.17, 2007) (Gibson, J.) (citing *Barb v. Miles, Inc.*, 861 F. Supp. 356, 361 (W.D. Pa.1994); 16 Pa. Code § 42.14(c)).

In this case, as Plaintiff acknowledges, her Charge of Discrimination was not transmitted to the PHRC by the EEOC until November 10, 2010, clearly well beyond 180 days after her termination.

Last, the Court finds that equitable tolling does not save Plaintiff's PHRA claims. Title 16, Pennsylvania Code, § 42.14(a) provides that "the computation of the 180 days does not include a period of time which is excludable as a result of waiver, estoppel or equitable tolling." 16 Pa. Code § 42.14(a). There are three typical situations where courts have permitted equitable tolling.

First, equitable tolling will be "allowed where the plaintiff actively pursues his [or her] judicial remedies but files a defective pleading during the statutory period, such as filing in the wrong forum." *Altopiedi v. Memorex Telex Corp.*, 834 F. Supp. 800, 806 (M.D. Pa.1993) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94-97 (1990)); *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983), *cert. denied*, 464 U.S. 852 (1983)). Second, equitable tolling will be recognized "where the deadline for filing has passed due to the plaintiff's reliance on his adversary's misconduct or misrepresentation." *Altopiedi*, 834 F. Supp. at 806 (*citing Irwin*, 498 U.S. at 96; *Kocian*, 707 F.2d at 753). Third, courts find equitable tolling "where the plaintiff was prevented from asserting his [or her] rights in some 'extraordinary way.'" *Id.*, at 806 (*citing Kocian*, 707 F.2d at 753).

In this case, there is no evidence to suggest that Plaintiff actively pursued her PHRA charge of discrimination, but filed a defective pleading during the statutory period. Plaintiff's election to dual file a charge of discrimination with the PHRC was made outside the statutory

8

limitations period and there is no indication that it was defective. Similarly, there is no evidence to demonstrate that Plaintiff's failure to elect to dual file her PHRC claim during the statutory period was the result of Defendant's misconduct or misrepresentation. Finally, there is no indication that Plaintiff was prevented from exercising her rights under the PHRA in an extraordinary way. Thus, the Court finds that equitable tolling does not apply to this case and the 180-day statutory period under 16 Pa. Code § 42.14(a) bars Plaintiff's PHRA claims for gender discrimination / sexual harassment and retaliation.

## Conclusion

After viewing the facts in the light most favorable to Plaintiff, the Court concludes that the Motion to Dismiss must be granted for failure to file a complaint or otherwise initiate proceedings with the PHRC within 180 days of the last event upon which Plaintiff relies to assert her claims.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRICIA A. COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-1195 |
| v. | ) | |
| | ) | |
| MERCY BEHAVIORAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 13th day of January, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant's Motion to Dismiss Counts III and V (sic) of the Plaintiff's Complaint is **GRANTED** and Counts III and IV of Plaintiff's Complaint are dismissed in their entirety with prejudice.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant shall file its Answer to Counts One and Two on or before **January 27, 2012.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Jean E. Novak, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: jnovak@smgglaw.com

A. Patricia Diulus-Myers, Esquire
Jackson Lewis LLP
Email: diulusmp@jacksonlewis.com

Melissa L. Evans, Esquire
Jackson Lewis LLP
Email: melissa.evans@jacksonlewis.com